UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-22 |
| | § | |
| DAVID MCCARTHY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 6) which challenges the timeliness of the Defendants' removal. Plaintiff originally filed this action in the 28th Judicial District Court, Nueces County, Texas on December 20, 2012. D.E. 1-1. Defendants were not served with summons, but voluntarily answered the state suit on January 22, 2013. D.E. 1-2, 1-5. Defendants then removed the action to this Court three days later, on January 25, 2013. D.E. 1.

Plaintiff contends that Defendants' 30-day time for removal pursuant to 28 U.S.C. § 1446(b)(3) began to run before the Defendants were formally served or appeared in the state court suit because they had been provided with a courtesy copy of the lawsuit the day it was filed. This argument has been rejected by both the United States Supreme Court and this District. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, 2010 WL 5173004, *3, 2010 U.S. Dist. LEXIS 132016 (S.D. Tex.

December 14, 2010).  Before the 30-days for removal start to run, the Defendants must be formally served with process or have waived service and voluntarily appeared in the case.

The record reflects that the parties have satisfied both the diversity of citizenship and amount in controversy requirements for diversity jurisdiction pursuant to 29 U.S.C. § 1332.  D.E. 1, 1-1.  Therefore, the Motion to Remand (D.E. 6) is DENIED.

ORDERED this 4th day of March, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE